IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANDREW D. CLARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-04290-CV-RK |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's [Administrative Law Judge] decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8th Cir. 2011)). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and

conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff suffers from the following severe impairments: mood disorder, antisocial personality disorder, intermittent explosive disorder, and alcohol dependency in early full remission. The ALJ also determined Plaintiff has the following non-severe impairments: obesity, hypertension, hypertriglyceridemia, psoriasis, degenerative disc disease, and edema in the lower extremities. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). After consideration of the entire record, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain nonexertional limitations. The ALJ incorporated the following nonexertional limitations into Plaintiff's RFC: he was capable of understanding, remembering, and carrying out simple instructions; he could relate appropriately to coworkers and supervisors but only in small numbers and for short periods of time; he would work best if working independently; and he could have no contact with the public. Next, the ALJ found that Plaintiff had the RFC to perform his past relevant work as a clutch rebuilder. The ALJ went on to determine that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff was able to perform other jobs that exist in significant numbers in the national economy. Based on her finding that Plaintiff was able to work, the ALJ found Plaintiff was not disabled.

On appeal, Plaintiff's only argument is that when formulating the RFC, the ALJ improperly weighed the medical opinion of Fatten Elkomy, a psychiatric nurse practitioner.

"Social security separates information sources into two main groups: *acceptable medical sources* and *other sources*. It then divides *other sources* into two main groups: *medical sources* and *non-medical sources*." *Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015) (emphasis in original) (quoting *Sloan v. Astrue*, 499 F.3d 883, 888 (8th Cir. 2007) (citing 20 C.F.R. §§ 404.1402, 416.902 (2007)). As compared to an "acceptable medical source" whose opinion may be entitled to controlling weight, the opinion of a nurse practitioner falls under the group of other medical sources. *Id.* at 967 (citing *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006)); *see* Social Security Ruling ("SSR") 06-03p, 2006 SSR LEXIS 5, at *4. Other medical sources may

present evidence "to show the severity of [a claimant's] impairment(s) and how it affects [a claimant's] ability to function." *Chesser v. Berryhill*, 858 F.3d 1161, 1166-67 (8th Cir. 2017) (quoting SSR 06-03p (other citations omitted)). In determining what weight to give that evidence, "the ALJ has more discretion and is permitted to consider any inconsistencies found within the record." *Lawson*, 807 F.3d at 967 (quoting *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005)).

Here, Ms. Elkomy opined that Plaintiff would miss up to five days of work per month due to his mental impairments, and that Plaintiff's primary impediment to working was his inability to control his anger and his violent tendencies. The ALJ gave "only little weight" to Ms. Elkomy's statements. In considering the opinion, the ALJ noted that Ms. Elkomy is not an acceptable medical source. The ALJ then explained that Ms. Elkomy's statements were inconsistent with Plaintiff's ability to care for his daughter, which according to the ALJ, suggested that Ms. Elkomy's statements were based on Plaintiff's subjective complaints.[1] The ALJ further reasoned that Ms. Elkomy's statements were not supported by the objective mental status examination findings in the record that showed Plaintiff's condition had been consistently stable. *See Michel v. Colvin*, 640 F. App'x 585, 594-95 (8th Cir. 2016) (finding that the ALJ was entitled to give less weight to an "other medical source" opinion as to the claimant's ability to work on a full-time basis where the opinion was largely based on the claimant's subjective complaints and not on objective medical evidence). Accordingly, the ALJ appropriately weighed Ms. Elkomy's opinion along with the other record evidence in establishing Plaintiff's RFC.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: January 29, 2018

---

[1] While Plaintiff asserts he was able to take care of his three-year old daughter only because family was nearby if assistance was needed, Plaintiff only calls the family for assistance one to two times per month.